IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | No. 1:06-CR-383 The Hon. T. S. Ellis, III |
| PRINCE ABREFA, | ) ) | Hearing: April 21, 2017, 9:00 a.m. |
| Defendant. | ) ) | |

## GOVERNMENT'S POSITION ON
## DEFENDANT'S SUPERVISED RELEASE VIOLATIONS

The United States of America, pursuant to 18 U.S.C. § 3583 and Rule 32.1 of the Federal Rules of Criminal Procedure, submits this memorandum regarding defendant Prince Abrefa's (the "defendant") upcoming supervised release revocation hearing. The defendant pled guilty to bank fraud, in violation of Title 18 U.S.C. § 1344. For the reasons stated below, the government respectfully recommends that the Court revoke the defendant's supervised release and impose a term of six months imprisonment, to be followed by a new term of supervised release for one year and five months with the same mandatory conditions, including all modifications.

**I.    Background**

On November 6, 2007, the defendant pled guilty to bank fraud, in violation of Title 18 U.S.C. § 1344, a Class B felony. *See* Plea Agreement, ECF No. 11. On January 26, 2007, this Court sentenced the defendant to 10 months of incarceration, to be followed by three years of supervised release. *See* Judgment, ECF No. 19. The defendant was released from the Bureau of

Prisons and commenced his three-year term of supervised release on May 16, 2007.[1] Petition on Supervised Release ("Pet."), ECF No. 65 at 2.[2] As part of his supervised release, the defendant agreed to participate in and successfully complete a program of substance abuse testing and rehabilitation at the direction and discretion of the probation officer and submit monthly restitution payments of $200. *Id.* at 1 (citing Special Condition #1; Special Condition #4). The defendant's term of supervised release also included the standard conditions that he would "refrain from excessive use of alcohol," and "notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." *Id.* (citing Standard Condition #7; Standard Condition # 11). Finally, the defendant additionally agreed to report to the probation officer as directed by the Court or the probation officer and submit monthly reports. *Id.* (citing Standard Condition #2).

The defendant has already been before the Court for numerous hearings regarding his supervised release violations. On July 17, 2007, a Petition on Supervised Release was submitted to the Court, alleging that the defendant had tested positive for cocaine use and failed to report to his probation officer. *See* Petition on Supervised Release, ECF No. 20. An Addendum to the Petition was filed on September 11, 2007, alleging that the defendant failed to make restitution payments and report to his probation officer. The Court found the defendant in violation of his supervised release, and ordered that he be committed to the custody of the Bureau of Prisons for

---

[1] The defendant was released from the Bureau of Prisons on March 2, 2007, to an immigration detainer. Petition on Supervised Release ("Pet."), ECF No. 65 at 2. On May 16, 2007, the defendant was released from immigration custody and commenced his supervision under the United States Probation Office for the District of New Jersey. *Id.*

[2] United States Probation Officer Stanley Leigh authored the Petition on Supervised Release that is currently before the Court. However, the defendant resides in the District of Columbia, and is supervised by the United States Probation Office for the District of Columbia – specifically, Officer Steve Bolton.

30 days (with credit for time served), and serve three years of supervised release upon his release from custody. *See* Order, ECF No. 29.

The probation office filed a second Petition on Supervised Release with the Court on June 17, 2010. Petition on Supervised Release, ECF No. 31. This petition alleged that the defendant again tested positive for cocaine use, even though he had previously completed substance abuse treatment. *Id.* An Addendum to the Petition on Supervised release was submitted on July 14, 2010, based on the defendant's arrest for possession of drug paraphernalia and his failure to notify his probation officer of the arrest. *See* Addendum to Petition on Supervised Release, ECF No. 34. On July 16, 2010, after finding the defendant in violation of his terms of supervised release, the Court ordered the defendant to serve 100 days of incarceration followed by a two year and six month term of supervised release upon his release from custody. *See* Order, ECF No. 35. The Court directed the defendant to surrender by July 23, 2010. *Id.*

The defendant, however, failed to surrender to the Bureau of Prisons and efforts to contact him were unsuccessful. Thus, another Petition on Supervised Release, requesting a bench warrant for the defendant, was submitted to the Court on July 28, 2010. *See* Petition and Order on Supervised Release, ECF No. 37. The Court issued the bench warrant that same day. *Id.* Addenda to the July 28, 2010, Petition were submitted to the Court on September 8, 2010, and November 9, 2011, alleging that the defendant committed new offenses, including (i) public swearing/intoxication; (ii) unauthorized use of a vehicle; and (iii) unlawful entry on property. *See* Addendum to Petition on Supervised Release, ECF Nos. 38 and 41. His probation officer further alleged that the defendant failed to notify him about these arrests. *Id.* Law enforcement executed the Court's arrest warrant for the defendant on November 1, 2011, (ECF No. 39) and

3

the Court later found that defendant violated the terms of his supervised release through five separate violations. *See* Order, ECF No. 51. On November 18, 2011, the Court revoked the defendant's supervised release, and committed the defendant to the Bureau of Prisons for nine months (to be served in addition to the 100-day sentenced already imposed by the Court that the defendant previously failed to serve), to be followed by two years of supervised release upon his release from custody. *Id.*

On October 8, 2013, U.S. Probation Officer Stanley Leigh submitted a fourth Petition on Supervised Release, which alleged that the defendant absconded from supervision. *See* Petition and Order on Supervised Release, ECF No. 52. The defendant's whereabouts were subsequently unknown for over two and a half years until the defendant's December 1, 2015, arrest. *See* ECF No. 55. The Court held another revocation hearing on December 11, 2015, revoked the defendant's supervised release, and sentenced him to serve ten months within the custody of the Bureau of Prisons, followed by two years of supervised release upon his release. The defendant commenced his supervision with the District of Columbia on September 29, 2016, after his release from custody. *See* Pet. at 4.

A. *Current Alleged Violations*

Currently before the Court is the Petition on Supervised Release filed by U.S. Probation Officer Stanley Leigh on March 23, 2017. *See* Pet. Officer Leigh first alleges that the defendant received a citation on October 13, 2016, from Prince George's County, Maryland, for Possession and Consumption of an Alcoholic Beverage in Public.[3] *Id.* at 4 (citing Standard Condition #7).

---

[3] The police department did not file an official incident report regarding the defendant's citation for Possession and Consumption of an Alcoholic Beverage in Public. Pet. at 2. On November 22, 2016, the defendant appeared in the District Court for Prince George's County, Maryland,

The defendant admits that he failed to notify his probation officer about his contact with law enforcement in a timely manner. *Id.* (citing Standard Condition #11). The defendant had attached an illegible citation to his monthly report that the probation office received on November 4, 2016, but Officer Bolton ultimately learned about the new offense during a records check. *Id.* On November 16, 2016, the defendant signed a modification of the special conditions of his supervised release to avoid using, purchasing, or possessing alcohol or other intoxicants during the duration of supervision.[4]

The defendant failed to report for a substance abuse assessment with Family and Medical Counseling Services in Washington, D.C. on January 25, 2017.[5] *Id.* at 5 (citing Special Condition #1). According to Officer Bolton, this was his fourth attempt to have the defendant complete an assessment with the treatment provider. *Id.*

On January 25, 2017, Officer Bolton instructed the defendant to report to the probation office on January 27, 2017. *Id.* at 4. The defendant failed to report as instructed on January 27, 2017. *Id.* During a subsequent conversation with Officer Bolton, the defendant stated he forgot about the appointment. *Id.* The defendant also failed to submit his monthly reports as required for the months of December 2016 and February 2017. *Id.* at 5.

Officer Leigh additionally alleges that the defendant violated his supervised release by failing to make his required restitution payments in a timely manner. The defendant submitted

---

and the court placed this offense on the Stet docket. Cases placed on the Stet docket become inactive and closed by the court.

[4] The Court has not yet approved of this modification because Officer Leigh has not yet received a modification request from the United States Probation Office for the District of Columbia. *Id.*

[5] The government also learned that Officer Bolton scheduled the January 27, 2017, meeting because the defendant abruptly canceled his January 25, 2017, meeting with his probation officer.

$50 towards his restitution obligation in February of 2017, after signing a modification of the special conditions of his supervised release in Washington, D.C. to reduce his monthly restitution payment to $25.  *Id.*  However, the Court has not approved this modification because Officer Leigh has not received a modification request from the United States Probation Office for the District of Columbia.  *Id.*  The Court originally calculated the defendant's restitution obligation to be $6,067.08, and ordered him to pay monthly installments of $200 towards this debt if he was unable to satisfy it in full immediately.  *Id.* at 2. The defendant's current restitution balance is $5,867.08.  *Id.* at 5.

## II.     Legal Standard

As the Court is aware, a "revocation hearing is an informal proceeding." *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968); *see also Morrissey v. Brewer*, 408 U.S. 471, 484 (1972).  In such hearings, the rules of evidence are not strictly followed, the applicable standard of proof is preponderance of the evidence, and the District Court enjoys "broad discretion to revoke probation if a condition of probation has been violated." *United States v. Miller*, 47 F. 3d 1166, at *2 (4th Cir. 1995) (per curiam) (unpublished table decision); *see also* 18 U.S.C. § 3583(e)(3).

Upon finding that a defendant has violated a condition of supervised release, a court may: (1) revoke supervised release and impose a term of imprisonment authorized by statute; (2) under certain conditions, extend the term of supervised release; or (3) modify, reduce, or enlarge the conditions of supervised release.  *Id.* §§ 3583(e)(1)–(3).  Additionally, a court revoking a defendant's supervision in favor of imprisonment may require the defendant to serve another term of supervised release.  *Id.* § 3583(h).

As the defendant's underlying offense is a Class B felony, the statutory maximum term the Court may impose upon revoking the Defendant's supervised release is 36 months, followed by five years of additional supervised release (less any term of imprisonment imposed upon revocation). *See* 18 U.S.C. §§ 18 U.S.C. 3583(e)(3), (h).  In determining the appropriate remedy for a supervised release violation, a court's starting point is the advisory incarceration range recommended by the Guidelines.  *See* 18 U.S.C. § 3553(a)(4)(B).  After calculating the range pursuant to U.S.S.G. §§ 7B1.1 – 7B1.5, the court should then consider other relevant § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for deterrence, the need to protect society and provide restitution to victims as well as provide the defendant with necessary training and treatment.  *Id.* §§ 3553(a) & 3583(e).

**III.   Analysis**

Under the United States Sentencing Guidelines ("U.S.S.G."), the violations alleged in the petition are "Grade C" violations.  *See* U.S.S.G. Manual § 7B1.1(a)(3).   For a Grade C violation, the Guidelines advise the Court to either "(A) revoke . . . supervised release; or (B) extend the term . . . supervised release and/or modify the conditions of supervision." *Id.* § 7B1.3(a)(2).  The defendant fell within Criminal History Category II at the time of his sentencing, and the Guidelines recommend a sentence of four to ten months of imprisonment for these supervised release violations.  *See id.* § 7B1.4(a).  However, the U.S. Sentencing Guidelines are non-binding policy statements.  U.S.S.G. § 7A1; *United States v. Davis*, 53 F.3d 638, 640 (4th Cir. 1995).

Given the defendant's history, the government is particularly concerned about the defendant's failure to report to his probation officer as required or complete his substance abuse assessment.  As detailed above, the defendant has faced prior supervised release allegations

regarding his failure to report to his probation officer. Moreover, the defendant has absconded from supervised release twice before. The defendant first absconded for 15 months, ranging from July 23, 2010, to November 3, 2011. The defendant vanished again for a period of 32 months, from April 10, 2013, to December 1, 2015. The Court sentenced the defendant to a nine-month term of incarceration for his first disappearance, followed by a ten-month prison sentence for his second attempt to abscond from supervised release. Thus, the defendant should now fully understand the importance of reporting to his probation officer.[6] The defendant's failure to report to his probation officer again demonstrates the defendant continues to abuse his privilege of supervised release as well as the Court's trust.

Similarly, the defendant's failure to complete a substance abuse assessment indicates a general disinterest in maintaining his sobriety. This pattern of behavior is alarming in light of the defendant's past substance abuse problem. As the Court undoubtedly recalls, the defendant tested positive for cocaine use numerous times before. The defendant also tested positive for cocaine use even after completing treatment for substance abuse. Thus, the defendant's substance abuse assessment is vital to ensuring that the defendant is still sober.

The record is clear that since the defendant commenced supervision, this Court has given him several chances to realize that he needs to cooperate with his probation officer and comply with the conditions of his supervised release. The defendant has simply refused to take advantage of the "second chances" provided to him by the Court. Rather than learning from his previous transgressions, the defendant has failed to reform his behavior. Thus, this pattern of

---

[6] The government notes that the defendant has also faced supervised release revocation hearings because of his failure to report contact with law enforcement officers or submit his restitution payments in a timely manner. Thus, the defendant should also fully understand the importance of complying with these conditions of his supervised release.

8

misconduct, coupled with the defendant's refusal to follow Court orders or cooperate with his probation officer warrants a severe punishment.

## IV. Recommendation

The government is very concerned that the defendant continues to choose to disregard the Court's orders, despite serving lengthy periods of incarceration after the previous revocations of his supervised release. The Court should not condone the defendant's unlawful behavior or repeated misuse of the privilege of supervised release. Therefore, the government recommends that the Court revoke the defendant's supervised release and impose a term of six months imprisonment, to be followed by a new term of supervised release for one year and five months, with the same mandatory and special conditions, including all modifications.

Dated: April 19, 2017

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Kathleen Robeson
Special Assistant United States Attorney
Karen Taylor
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3744
Fax: 703-299-3980
Kathleen.A.Robeson@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2017, I caused a copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

I further hereby certify that on the 19th day of April, 2017, I sent a copy of the foregoing to the following via electronic mail:

    Stanley Leigh
    Stanley_Leigh@vaep.uscourts.gov

By:     /s/
    Kathleen Robeson
    Special Assistant United States Attorney
    United States Attorney's Office
    Eastern District of Virginia
    2100 Jamieson Avenue
    Alexandria, VA 22314
    Phone: (703) 299-3744
    Fax: (703) 299-3980