Prob 12 (10/09)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Prince Abrefa _____ Docket No. 1:06CR00383-001

### Petition on Supervised Release

COMES NOW STANLEY E. LEIGH, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Prince Abrefa, who was placed on supervision by the Honorable T. S. Ellis, III, Senior United States District Judge, sitting in the Court at Alexandria, Virginia, on the 26th day of January, 2007, who fixed the period of supervision at 3 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

### SEE PAGE 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**RETURNABLE DATE:** September 29, 2017 @ 11:00 a.m.

| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| Considered and ordered this 11th day of September, 2017 and ordered filed and made a part of the records in the above case. | Executed on _____ |
| _____ | Joanne E. Marden  Digitally signed by Joanne E. Marden Date: 2017.09.08 14:00:13 -04'00' |
| T. S. Ellis, III  Senior United States District Judge | For Stanley E. Leigh  U.S. Probation Officer  703-299-2359  Place Alexandria, Virginia |

TO CLERK'S OFFICE

**Petition on Supervised Release**
**Page 2**
**RE: Abrefa, Prince**

OFFENSE: Bank Fraud in violation of Title 18, U.S.C. § 1344

ORIGINAL SENTENCE: On January 26, 2007, the defendant appeared before Your Honor for sentencing on a charge of Bank Fraud. At that time, he was sentenced to ten (10) months imprisonment to be followed by three (3) years supervised release with the following special conditions: 1) The defendant must participate in, and successfully complete, a program of substance abuse testing and rehabilitation at the direction and discretion of the probation officer; 2) The defendant must not incur new debt or open any lines of credit without the advance approval of the probation officer; 3) The defendant must provide the probation officer with access to all requested financial information and documents; 4) In the event restitution in the amount of $6,067.08 is not paid immediately, then defendant must pay restitution at the monthly rate of $200 beginning 60 days after his release from imprisonment, with 100% of each payment going to one victim, then alternating to the next victim in this fashion until restitution has been paid in full. Interest has been waived in light of defendant's significant restitution. 5) In the event the $100 special assessment is not paid immediately, then defendant must pay the special assessment during his term of supervised release; 6) Defendant must cooperate fully with immigration officials in connection with his prompt removal; and 7) Following removal, defendant must not return to the United States without the express, advance permission of the United States Attorney General or the Secretary of the Department of Homeland Security.

PRIOR ADJUSTMENT TO SUPERVISION: On March 2, 2007, the defendant was released from the Bureau of Prisons to an immigration detainer. On May 16, 2007, he was released from immigration custody and supervision commenced in the District of New Jersey.

On July 17, 2007, a Petition on Supervised Release was submitted to the Court alleging the defendant violated conditions of supervised release by testing positive for cocaine, failing to make monthly restitution payments, and failing to report to the probation officer. On that date, Your Honor issued a bench warrant for the defendant's arrest which was executed on August 30, 2007.

On September 11, 2007, an addendum was ordered and made part of the record based on the defendant's failure to pay restitution and failure to report to the probation officer as directed.

On September 21, 2007, Mr. Abrefa appeared for a violation hearing at which time he was sentenced to the custody of the U.S. Bureau of Prisons for thirty (30) days, credit for time served, to be followed by three (3) years supervised release. All terms and conditions of the defendant's original period of supervised release were ordered to remain in full force and effect.

On October 22, 2009, Mr. Abrefa was released from the custody and his supervision commenced.

On February 22, 2010, Your Honor approved a request to defer payment of restitution until the defendant's immigration status was finalized.

On June 17, 2010, a Petition on Supervised Release was submitted to the Court based on the defendant's use of cocaine, and Your Honor subsequently issued a summons.

On July 16, 2010, the defendant appeared before Your Honor and was found in violation of his supervised release. Mr. Abrefa's term of supervision was revoked, and he was ordered to serve 100 days in the Bureau of Prisons, voluntary surrender permitted by 12 p.m. on July 23, 2010, to be followed by 2 years 6 months

**Petition on Supervised Release**
**Page 3**
**RE: Abrefa, Prince**

supervised release. All conditions of the previously imposed term of supervision were ordered to remain in full force and effect.

On July 19, 2010, the defendant was instructed to report to the U.S. Marshals Service before July 23, 2010, to coordinate his surrender and complete the appropriate documentation. On July 26, 2010, it was confirmed by the U.S. Marshals Service the defendant failed to surrender for service of his sentence on July 23, 2010. Attempts to contact the defendant were unsuccessful, and his whereabouts were unknown.

On July 28, 2010, a Petition on Supervised Release was submitted to the Court advising of the defendant's failure to self-surrender. On July 28, 2010, Your Honor issued a bench warrant.

On June 23, 2011, Mr. Abrefa was arrested in Washington, DC, under the name Prince Boakye, on a charge of Unauthorized Use of a Vehicle (Driver). On November 15, 2011, it was confirmed by the United States Attorney's Office in DC the case was No Papered on June 23, 2011.

On October 30, 2011, Mr. Abrefa was arrested in Washington, DC, under the name Kwame Boateng on a charge of Unlawful Entry on Property.

On November 18, 2011, Mr. Abrefa appeared before Your Honor for a violation hearing and the term of supervision was revoked. He was committed to the Bureau of Prisons for nine (9) months, and he was ordered to serve the 100-day sentence originally imposed on July 16, 2010, with credit for time already served on the instant violations, as directed by the Bureau of Prisons and the Probation Officer. At the conclusion of his term of imprisonment, the defendant was ordered to surrender to the custody of Immigration and Customs Enforcement. A term of 2 years 6 months supervised release, subject to all of the same terms and conditions of his original term of supervised release, was imposed.

On December 2, 2011, the Unlawful Entry on Property charge was nolle prosequied in the Superior Court of the District of Columbia.

On August 31, 2012, Mr. Abrefa was released from the Bureau of Prisons to a detainer with Immigration and Customs Enforcement (ICE).

On September 12, 2013, this officer contacted the ICE Law Enforcement Support Center, and it was discovered the defendant was released from the York County Jail on April 10, 2013. On September 23, 2013, staff with the ICE Law Enforcement Support Center revealed Mr. Abrefa was legally in the United States and no further information could be disclosed. On October 2, 2013, this officer received a copy of the contact information the defendant provided when he was released from the York County Jail. He listed an address in Silver Spring, Maryland. This officer contacted the primary resident at the address in Maryland, and he related Mr. Abrefa never resided in his home nor did he have permission to use his address. He specified he knew Mr. Abrefa through a mutual friend. The defendant absconded from supervision as his whereabouts were unknown.

On October 4, 2013, a Petition on Supervised Release was submitted to the Court, and on October 8, 2013, Your Honor issued a bench warrant.

On December 1, 2015, the outstanding warrant was executed. On December 11, 2015, Mr. Abrefa appeared before Your Honor for a final revocation hearing, at which time he admitted to the alleged violations. The Court

**Petition on Supervised Release**
**Page 4**
**RE: Abrefa, Prince**

revoked his supervised release and sentenced him to 10 months imprisonment, credit for time served, to be followed by 2 years supervised release subject to all of the previously imposed conditions to include restitution.

On September 29, 2016, Mr. Abrefa was released from imprisonment and commenced supervision in the District of Columbia.

On March 15, 2017, a Petition on Supervised Release was submitted to the Court based on allegations of excessive use of alcohol, failure to report contact with law enforcement within 72 hours, failure to report as directed by the Court or Probation Officer, failure to submit monthly reports, failure to complete a substance abuse assessment and failure to pay the required $200 monthly restitution. Your Honor issued a summons for the defendant to appear for a violation hearing on April 21, 2017.

The U.S. Probation Office in the District of Columbia executed modifications within their office for the defendant to refrain from using any alcohol and to pay $25 per month toward restitution. Jurisdiction remained in the Eastern District of Virginia and the aforementioned modifications were not reviewed by this officer or Your Honor before being enforced.

It appears the defendant was granted temporary relief from deportation by being placed into asylum status in 2013.

On April 21, 2017, the violation hearing was continued for one week as the defendant did not appear due to apparent medical issues that occurred the same morning.

On April 24, 2017, this officer received a copy of the defendant's emergency room medical documentation from defense counsel.

On April 28, 2017, Mr. Abrefa appeared before Your Honor for a violation hearing and conceded the violations were true with the lone exception of his failure to pay the monthly restitution obligation. The defendant was granted a continuance until May 19, 2017, in order to complete a substance abuse assessment on or before May 12, 2017, and to obtain employment. Mr. Abrefa was directed to notify the probation officer by May 15, 2017, if he completed these two conditions, and probation was instructed to inform the Court by May 17, 2017, if the defendant satisfied these conditions.

On May 9, 2017, Mr. Abrefa completed a substance abuse assessment with Family Medical and Counseling Services in Washington, D.C. The treatment specialist recommended the defendant attend substance abuse treatment groups and obtain a mental health assessment. This officer contacted the program and the treatment specialist indicated a mental health assessment could be coordinated by the probation office in Washington, D.C.

This officer received documentation regarding the defendant's asylum and work authorization status from the defendant's immigration attorney.

On May 19, 2017, Mr. Abrefa appeared before Your Honor for a final violation hearing and was found in violation. He was continued on supervised released with the added conditions of two intermittent weekends in jail, participate in mental health treatment/testing/counseling at the direction of the probation officer, refrain from alcohol, and restitution was modified to $25 per month.

Prob 12 (10/09)

**Petition on Supervised Release**
**Page 5**
**RE: Abrefa, Prince**

CURRENT ADJUSTMENT TO SUPERVISION: Mr. Abrefa continues to reside in Washington, D.C., and he remains unemployed. He is scheduled to attend substance abuse counseling once a week at Family and Medical Counseling Services (FMCS) in Washington, D.C. The defendant began the program on June 7, 2017, and attended five consecutive sessions. However, he did not report for treatment on July 12, July 19, July 26, August 2, August 9 and August 16, 2017. Mr. Abrefa timely reported his inability to attend sessions on July 12, and July 26, 2017. The defendant failed to report for drug testing with FMCS on August 10, 2017, and August 16, 2017, although, past drug screens have been negative for illicit substances and alcohol.

In reference to his restitution obligation, a payment of $50 posted on May 22, 2017, and $25 payments posted on July 7, 2017, and August 7, 2017. The defendant has a balance of $5,742.08.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**MANDATORY CONDITION:** COMMISSION OF NEW OFFENSES

**MANDATORY CONDITION:** ILLEGALLY POSSESS A CONTROLLED SUBSTANCE

**STANDARD CONDITION #11:** FAILURE TO REPORT CONTACT WITH LAW ENFORCEMENT WITHIN 72 HOURS

On July 20, 2017, Mr. Abrefa was arrested by the Prince George's County, Maryland Police Department and charged with Distribution of Marijuana, Attempted Distribution of Crack Cocaine, False Statement to a Peace Officer, and Possession of Crack Cocaine. On July 20, 2017, Mr. Abrefa was released on a $3,500 unsecured personal bond. He is scheduled to appear for a preliminary hearing on September 11, 2017.

According to the incident report, on July 19, 2017, detectives acting in an undercover capacity posed as drug users in the 4400 block of Wheeler Road in Oxon Hill, Maryland. They engaged in conversation with the defendant. The defendant got into the front passenger seat of the police vehicle and an arrangement was made to purchase from the defendant $20 worth of marijuana and $40 worth of crack cocaine. One of the detectives gave the defendant $60 in U.S. currency advanced funds from the Narcotic Enforcement Division. Mr. Abrefa had one detective drive to the parking lot of a local storage unit in Oxon Hill, Maryland. He exited the vehicle and walked off. A short time later, he waved down the same detective and had him drive back to the previous location. The defendant approached the passenger side of the other detective's vehicle, opened the door and handed him suspected marijuana. At that time, the detective alerted the arrest team and as the defendant attempted to exchange the suspected crack cocaine, the arrest team placed him into custody. The undercover detective recovered the suspected crack cocaine from the defendant inside the arrest vehicle.

The suspected marijuana field tested positive for THC, having a total weight of 1.2 grams and a street value of $25. The suspected crack cocaine field tested positive for cocaine base having a total weight of 0.7 grams and a street value of $150.

Once in custody, Mr. Abrefa stated his name was Kwame Owusu; however, he later provided his real name while at the Department of Corrections.

When questioned by the probation office, Mr. Abrefa denied any wrongdoing and stated it was "entrapment." He also failed to report the incident within 72 hours.

**Petition on Supervised Release**
**Page 6**
**RE: Abrefa, Prince**

**SPECIAL CONDITION:** **FAILURE TO COMPLETE A MENTAL HEALTH ASSESSMENT**

Mr. Abrefa was scheduled for a mental health assessment at FMCS on August 2, 2017. He failed to attend as instructed and has not contacted the D.C. probation office regarding his absence.

**SPECIAL CONDITION:** **FAILURE TO SERVE TWO WEEKENDS IN JAIL**

Mr. Abrefa was scheduled to begin service of his weekend jail term on August 11, 2017. His assigned probation officer indicated there is no record he reported as scheduled.

SEL/smk

Prob 12 (10/09)